Sonal N. Mehta (SBN 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
(650) 858-6000
sonal.mehta@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, D.C. 20037
(202) 663-6000
ari.holtzblatt@wilmerhale.com

*Attorneys for Meta Platforms, Inc.*

Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick *(pro hac vice)*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Bright Data, Ltd.*

*Additional Attorneys for Each Party Listed on Signature Page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

META PLATFORMS, INC., a Delaware
corporation,

        Plaintiff,

    v.

BRIGHT DATA LTD., an Israeli corporation,

        Defendant.

Case No. 3:23-cv-00077-EMC

**JOINT STIPULATION AND
[PROPOSED] ORDER REGARDING
NON-WAIVER OF PRIVILEGE
PURSUANT TO FEDERAL RULE OF
EVIDENCE 502(d)**

Hon. Edward M. Chen
Courtroom 5 - 17th Floor

WHEREAS, the parties have met and conferred regarding Bright Data's request that Meta produce "[a]ll documents and communications relating to 'the behavior and signature of Bright Data's scraping traffic.'"

WHEREAS, Meta has agreed to produce data from the portions of the API tables it used to investigate Bright Data's claims of data collection from Instagram—the data reflecting "the behavior and signature of Bright Data's [suspected] scraping traffic."

WHEREAS, Meta asserts that the data is situated within a document that was created at the direction of counsel because of this anticipated litigation and for the purpose of providing information to counsel to facilitate legal advice, and claims that the document is protected work product and privileged.

WHEREAS, Bright Data disagrees with the validity of Meta's assertion of privilege, but will agree (without waiver of Bright Data's ability to challenge any privilege assertion as to any withheld information) that the production of the redacted document will not constitute a waiver of the attorney-client privilege or work-product doctrine or any other privilege or protection in this or any other proceeding, and will not effect a subject matter waiver as to any subject matter, whether in this proceeding or any other proceeding.

WHEREAS, to enable Meta to provide the requested data and avoid burdening the Court with a potential discovery dispute, the parties have reached a compromise, in accordance with Fed. R. Evid. 502(d), pursuant to which Meta agrees, subject to and following entry of this Order, to produce the document in redacted form.

NOW THEREFORE, it is stipulated and agreed that:

- Subject to and conditioned upon the entry of this stipulation as an Order of the Court, Meta will produce a redacted version of the document containing data showing "the behavior and signature of Bright Data's [suspected] scraping traffic."

- The production of the redacted document will not constitute a waiver of the attorney-client privilege or work-product doctrine or any other privilege or protection in this or any other proceeding, to the fullest extent available under the

1    law, including Federal Rule of Evidence 502(d), as to the parties to this stipulation

2    and any third parties.  Bright Data agrees, in particular, that the production of the

3    redacted document will not constitute a waiver of the attorney-client privilege or

4    work-product doctrine or any other privilege or protection in any other proceeding

5    involving Bright Data or any of its subsidiaries and/or affiliates, including

6    proceedings in jurisdictions outside the United States.

7    • The production of the redacted document will not constitute a subject matter waiver

8    as to any subject matter, whether in this proceeding or any other proceeding, to the

9    fullest extent available under the law, including Federal Rule of Evidence 502(d),

10    as to the parties to this stipulation and any third parties. Bright Data agrees, in

11    particular, that the production of the redacted document will not constitute a subject

12    matter waiver in any other proceeding involving Bright Data or any of its

13    subsidiaries and/or affiliates, including proceedings in jurisdictions outside the

14    United States.

15    • Bright Data agrees that it will not seek disclosure of the withheld content on the

16    grounds that Meta *waived* any applicable privilege by producing the redacted

17    document, but may seek disclosure of the withheld content on any other grounds.

18    Bright Data, accordingly, reserves its right to seek disclosure of withheld content

19    on grounds other than waiver by reason of producing the redacted document.

20    • Meta agrees that it will produce, within two weeks of the date of this stipulation, a

21    privilege log for the redacted document.

22    • The production of the redacted document does not itself entitle Bright Data to any

23    other document withheld as privileged, or preclude Bright Data from seeking

24    production of such documents.

25

26

27

28

DATED: December 8, 2023

Respectfully submitted,

*/s/ Sonal N. Mehta*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
ALLISON BINGXUE QUE (SBN 324044)
sonal.mehta@wilmerhale.com
allison.que@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ARI HOLTZBLATT (*pro hac vice*)
NATALIE BILBROUGH (*pro hac vice*)
ROBIN C. BURRELL (*pro hac vice*)
NATHANIEL W. REISINGER (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
natalie.bilbrough@wilmerhale.com
robin.burrell@wilmerhale.com
nathaniel.reisinger@wilmerhale.com
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

RYANNE E. PERIO (*pro hac vice*)
JUAN M. RUIZ TORO (*pro hac vice*)
RYAN A. DAILY (*pro hac vice*)
ryanne.perio@wilmerhale.com
juan.ruiztoro@wilmerhale.com
ryan.daily@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 295-6325
Facsimile: (212) 230-8888
*Attorneys for Plaintiff Meta Platforms, Inc.*

Respectfully submitted,

*/s/ Colin R. Kass*
Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Sehreen Ladak
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5652
sladak@proskauer.com

Robert C. Goodman
Lauren Kramer Sujeeth
ROGERS JOSEPH O'DONNELL, PC
11 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

*Attorneys for Defendant Bright Data Ltd.*

## <u>CERTIFICATION</u>

I, Sonal Mehta, am the ECF User whose identification and password are being used to file this JOINT STIPULATION AND [PROPOSED] ORDER REGARDING NON-WAIVER OF PRIVILEGE PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d).  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that each other signatory has concurred in this filing.


Dated:  December 8, 2023

/s/ <i>Sonal N. Mehta</i>
Sonal N. Mehta

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED that:

1.   Pursuant to Federal Rule of Evidence 502(d), subject to and conditioned upon this Order, Meta will produce to Bright Data a redacted version of the document containing data reflecting "the behavior and signature of Bright Data's [suspected] scraping traffic."

2.   The production of the redacted document will not constitute a waiver of the attorney-client privilege or work-product doctrine or any other privilege or protection, whether in this or any other proceeding, to the fullest extent available under the law, including Federal Rule of Evidence 502(d), as to the parties to this stipulation and any third parties.

3.   Bright Data agrees that it will not seek disclosure of the withheld content on the grounds that Meta waived any applicable privilege by producing the redacted document, but may challenge the assertion of privilege or seek disclosure on any other grounds.

4.   The production of the redacted document will not effect a subject matter waiver as to any subject matter, whether in this proceeding or any other proceeding, to the fullest extent available under the law, including Federal Rule of Evidence 502(d), as to the parties to this stipulation and any third parties.

5.   In particular, the production of the redacted document will not constitute a waiver of the attorney-client privilege or work-product doctrine or a subject matter waiver in any other proceeding involving Bright Data or any of its subsidiaries and/or affiliates, including proceedings in jurisdictions outside the United States.

6.   Meta agrees that it will produce, within two weeks of the date of the parties' stipulation, a privilege log for the redacted document.

7.   The production of the redacted document does not itself entitle Bright Data to any other document withheld as privileged, or preclude Bright Data from seeking production of such documents.

Dated:   December 11, 2023

_____
The Honorable Alex G. Tse
United States Magistrate Judge

- 6 -